# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TORRELL BROWN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-1291** |
| **DARRYL VANNOY, WARDEN** | **SECTION: "G"(3)** |

## <u>ORDER AND REASONS</u>

Before the Court are Petitioner Torrell Brown's ("Petitioner") objections to the Report and Recommendation of the United States Magistrate Judge assigned to this case.[1] Petitioner, a state prisoner incarcerated at the Louisiana State Penitentiary in Angola, Louisiana, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[2] The Magistrate Judge recommended that the petition be dismissed with prejudice on the merits.[3] Petitioner objects to the Magistrate Judge's Report and Recommendation.[4] After reviewing the Magistrate Judge's Report and Recommendation, Petitioner's objections, the record, and the applicable law, the Court overrules Petitioner's objections, adopts the Magistrate Judge's recommendation, and dismisses this action with prejudice.

---

[1] Rec. Doc. 16.

[2] Rec. Doc 1.

[3] Rec. Doc. 15.

[4] Rec. Doc. 16.

# I. Background

***A.    Factual Background***

In 2008, Petitioner was indicted by a grand jury in the Thirty-Second Judicial District Court for the Parish of Terrebonne for one count of second degree murder and one count of attempted second degree murder.[5] On December 16, 2009, after a three-day jury trial, Petitioner was convicted of both counts.[6] On February 8, 2010, Petitioner was sentenced to a term of life imprisonment on the murder conviction and to a term of fifty years' imprisonment on the attempted murder conviction.[7] It was ordered that his sentence be served concurrently and without the benefit of probation, parole, or suspension of sentence.[8]

On March 23, 2012, the Louisiana First Circuit Court of Appeal affirmed Petitioner's convictions and sentences.[9] The Louisiana Supreme Court denied Petitioner's related writ application on September 28, 2012.[10] The United States Supreme Court denied a petition for a writ of certiorari on February 25, 2013.[11]

On December 30, 2013, Petitioner filed an unsigned application for post-conviction relief in the state trial court.[12] On January 21, 2014, a signed copy of the application was filed.[13]

---

[5] State Rec., Vol I of VI, Indictment.

[6] State Rec., Vol II of VI, Trial Tr., Dec. 16, 2009, p. 70; State Rec., Vol. I of VI, Jury Verdict Form.

[7] State Rec., Vol. II of VI, Sentencing Tr., Feb. 8, 2010.

[8] *Id.*

[9] *State v. Brown*, 2011-KA-1463 (La. App. 1 Cir. 3/23/12); 2012 WL 1012418.

[10] *State v. Brown*, 2012-KO-841 (La. 9/28/12); 98 So. 3d 827.

[11] *Brown v. Louisiana*, 56 U.S. 1198 (2013).

[12] State Rec. Vol. II of VI, Unsigned Appl. for Post-Conviction Relief.

[13] State Rec. Vol. II of VI, Signed Appl. for Post-Conviction Relief.

On February 28, 2014, the trial court denied relief in part,[14] and after four evidentiary hearings,[15] the trial court denied the remaining claims on January 31, 2017.[16] Petitioner's related writ application was denied by the Louisiana First Circuit Court of Appeal on October 30, 2017.[17] On January 14, 2019, the Louisiana Supreme Court also denied Petitioner's related writ application, holding that Petitioner failed to show that he received ineffective assistance of counsel under the standard set forth by the United States Supreme Court in *Strickland v. Washington*.[18]

On February 7, 2019, Petitioner filed the instant petition for habeas corpus relief.[19] Petitioner raises these claims: (1) the trial court erred in denying Petitioner's challenges for cause as to three potential jurors; (2) the prosecution exercised peremptory strikes in a racially discriminatory manner in violation of *Batson v. Kentucky*;[20] and (3) numerous ineffective assistance of counsel claims.[21] On May 7, 2019, the State filed a response arguing that the application was untimely.[22] The Magistrate Judge issued an order noting an error in the State's response and ordered that a supplemental response be filed.[23] The State then filed a supplemental

---

[14] State Rec., Vol. II of VI, Reasons for J., Feb. 28, 2014.

[15] *See* State Rec., Vol. III of VI, Trs. of Jul. 29, 2015, Jan. 13, 2016, Apr. 19, 2016, Aug. 22, 2016 Hr'gs.

[16] State Rec., Vol. III of VI, Reasons for J., Jan. 31, 2017.

[17] *State v. Brown*, 2017-KW-1059 (La. App. 1 Cir. 10/30/17); 2017 WL 4883196.

[18] *State ex. rel. Brown v. State*, 2017-KH-2112 (La. 1/14/2019); 261 So. 3d 768 (citing *Strickland v. Washington*, 466 U.S. 668 (1984)).

[19] Rec. Doc. 1.

[20] 476 U.S. 79 (1986).

[21] Rec. Doc. 1.

[22] Rec. Doc. 9.

[23] Rec. Doc. 10.

answer conceding that the application was in fact timely but arguing that Petitioner's claims should be dismissed on the merits.[24]

**B.      *Report and Recommendation Findings***

The Magistrate Judge recommended that this Court dismiss the petition with prejudice on the merits.[25] First, the Magistrate Judge addressed Petitioner's claim that the trial court improperly denied his challenges for cause.[26] The Magistrate found that Petitioner is not entitled to relief on this claim because defense counsel used peremptory strikes to remove these individuals from the jury and because Petitioner did not establish that the jury ultimately selected was not impartial.[27]

Second, the Magistrate Judge addressed Petitioner's *Batson* claim that the prosecutor exercised peremptory strikes in a racially discriminatory manner.[28] The Magistrate Judge found that the state court's underlying factual findings and its resulting legal conclusions were not unreasonable.[29] The Magistrate Judge further reasoned that because Petitioner did not present the clear and convincing evidence necessary to rebut the presumption of correctness attached to the

---

[24] Rec. Doc. 11.

[25] Rec. Doc. 15.

[26] *Id.* at 9–15.

[27] *Id.* at 14–15.

[28] *Id.* at 16–28.

[29] *Id.* at 27–28.

state court's decision, he did not meet the burden of proof.[30]  Therefore, the Magistrate Judge recommended that the claim be denied.[31]

Third, the Magistrate Judge addressed Petitioner's ineffective assistance of counsel claims.[32] The Magistrate Judge rejected Petitioner's claim that trial counsel deprived him of the right to testify, finding that counsel did not deprive Petitioner of the right to testify, but "urged" him not to testify, and counsel's advice was a sound trial strategy and therefore not ineffective.[33] The Magistrate Judge found that Petitioner failed to establish that his trial counsel performed ineffectively by failing to object to the introduction of certain evidence because the objection to the admission of the evidence would have been meritless.[34] The Magistrate Judge found that Petitioner did not establish that his trial counsel performed ineffectively by failing to introduce evidence of the victims' criminal histories because the victims' criminal histories would have been inadmissible under state law.[35] The Magistrate Judge also rejected Petitioner's claim that trial counsel performed ineffectively during voir dire by failing to object to a line of questioning by the prosecutor, finding that the counsel did in fact object to that line of questioning.[36]

Next, the Magistrate Judge found that Petitioner was not entitled to relief on his claim that counsel was ineffective for failing to preserve the record by noting the race of the venire's members

---

[30] *Id.*

[31] *Id.* at 28–66.

[32] *Id.*

[33] *Id.* at 32–36.

[34] *Id.* at 36–41.

[35] *Id.* at 41–43.

[36] *Id.* at 43–44.

for purposes of a *Batson* claim.[37] The Magistrate Judge found this claim unavailing because Petitioner offered no evidence to support the premise that minorities were excused from the first panel.[38]

The Magistrate Judge rejected Petitioner's claim that his counsel performed ineffectively by failing to interview and call Jamal Westley and Johnny Smith as witnesses.[39] With respect to Westley, the Magistrate Judge found that Petitioner was not entitled to relief on this issue because he presented no evidence to demonstrate that Westley was available to testify at trial and would have testified in a manner beneficial to the defense.[40] With respect to Smith, the Magistrate Judge found that Petitioner had not established ineffective assistance of counsel because the record established that Petitioner's counsel and an investigator tried to locate Smith but could not find him.[41]

The Magistrate Judge also rejected Petitioner's claim that his trial counsel performed ineffectively by failing to stress the significance of certain evidence to the jury.[42] Specifically, Petitioner argued that his counsel failed to make the point that witnesses saw one of the victims with money in his hand before he was killed, but no money was found near his body.[43] Petitioner complained that his counsel should have emphasized that if someone took the money before the

---

[37] *Id.* at 45–47.

[38] *Id.* at 47.

[39] *Id.* at 47–54.

[40] *Id.* at 52.

[41] *Id.* at 53.

[42] *Id.* at 54–56.

[43] *Id.* at 54.

police arrived, then someone had the opportunity to take a gun as well.[44] Considering the absence of any testimony by any eyewitness that either victim had a weapon, the Magistrate Judge noted that there were few options available to defense counsel to ensure the jury was aware that it was possible that the victims were armed.[45] The Magistrate Judge noted that defense counsel successfully extracted concessions from the investigating officers that it was possible that a weapon had been removed from the scene before they arrived, and then reiterated those concessions in her closing argument.[46] Given that defense counsel had absolutely nothing else to work with on this point, the Magistrate Judge found that Petitioner had not established deficient performance or prejudice.[47]

The Magistrate Judge rejected Petitioner's claim that his trial counsel performed ineffectively by failing to object to the court's jury instruction concerning self defense, finding that the instruction was a proper and accurate statement of the law.[48] The Magistrate Judge also found that Petitioner was not entitled to relief on his claim that his trial counsel performed ineffectively by failing to adequately cross-examine the State's witnesses because Petitioner did not show any of the proposed questions would have affected the outcome of the trial.[49] Finally, the Magistrate Judge rejected Petitioner's claim that his trial counsel performed ineffectively for failing to object to the introduction of Petitioner's police statement on the basis that it was involuntary due to Petitioner's intoxication, for allowing the prosecution to withhold fingerprint

---

[44] *Id.*

[45] *Id.*

[46] *Id.* at 56.

[47] *Id.*

[48] *Id.* at 56–57.

[49] *Id.* at 58–61.

evidence, for failing to move for a mistrial when the State amended the indictment at the commencement of trial, and for failing to elicit pertinent testimony from the coroner on cross examination.[50] The Magistrate Judge found that Petitioner's claims were meritless and frivolous.[51] Therefore, the Magistrate Judge found that the state court's denial of relief was not contrary to or an unreasonable application of Supreme Court law.[52]

## II. Objections

### A.    *Petitioner's Objections*

Petitioner objects to the Magistrate Judge's Report and Recommendation.[53] First, Petitioner argues that he is entitled to relief on the claim regarding the denial of cause challenges.[54] Petitioner argues that three prospective jurors should have been stricken for cause, and the fact that Petitioner had to use a peremptory strike violated Petitioner's constitutional rights.[55]

Second, Petitioner argues that he is entitled to relief on his *Batson* claim.[56] Petitioner asserts that the State improperly used peremptory strikes to remove three African Americans from the jury, and the trial court failed to identify or correct this racial discrimination.[57]

Third, Petitioner objects to the Magistrate Judge's finding that Petitioner is not entitled to relief on his ineffective assistance of counsel claims.[58] Petitioner asserts that his trial counsel

---

[50] *Id.* at 61–65.

[51] *Id.* at 63–65.

[52] *Id.* at 66.

[53] Rec. Doc. 16.

[54] *Id.* at 1–4.

[55] *Id.*

[56] *Id.* at 4–6.

[57] *Id.*

[58] *Id.* at 6–9.

rendered ineffective assistance at trial.[59] Petitioner contends that his counsel performed ineffectively when she urged him not to testify.[60] Additionally, Petitioner argues that his counsel should have objected to the introduction of his incomplete police statement.[61] Petitioner asserts that his statement should have been supressed because "he was intoxicated."[62] Petitioner also contends that his trial counsel performed ineffectively by failing to introduce the victims' criminal histories.[63]

Petitioner objects to the Magistrate Judge's finding that trial counsel did not perform ineffectively when she failed to object to questioning during voir dire.[64] Petitioner objects to the Magistrate Judge's finding that Petitioner's trial counsel did not perform ineffectively by failing to preserve the race of panel members during voir dire.[65] Petitioner asserts that information about the race of the jurors should have been part of the record, but it was not given to Petitioner.[66] Finally, Petitioner objects to the Magistrate Judge's finding that Petitioner's trial counsel did not fail to interview and call witnesses and that counsel's ineffectiveness did not adversely affect his trial.[67]

---

[59] *Id.*

[60] *Id.* at 7.

[61] *Id.*

[62] *Id.* at 9.

[63] *Id.* at 8.

[64] *Id.*

[65] *Id.*

[66] *Id.*

[67] *Id.* at 9.

## B.    State's Opposition

The State of Louisiana did not file a brief in opposition to the Petitioner's objections despite receiving notice of the filing.

### III. Standard of Review

## A.    Review of the Magistrate Judge's Report and Recommendation

In accordance with Local Rule 73.2, this case was referred to the Magistrate Judge to provide a Report and Recommendation. The District Judge "may accept, reject, or modify the recommended disposition" of a Magistrate Judge on a dispositive matter.[68] The District Judge must "determine *de novo* any part of the [Report and Recommendation] that has been properly objected to."[69] The District Court's review is limited to plain error for parts of the report which are not properly objected to.[70]

## B.    Standard of Review Under the AEDPA

Following the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), the standard of review used to evaluate issues presented in habeas corpus petitions was revised "to ensure that state-court convictions are given effect to the extent possible under law."[71] For questions of fact, federal courts must defer to a state court's findings unless they are "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[72] A state court's determinations on mixed questions of law and fact or pure

---

[68] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

[69] Fed. R. Civ. P. 72(b)(3).

[70] *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428−29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

[71] *Bell v. Cone*, 535 U.S. 685, 693 (2002).

[72] 28 U.S.C. § 2254(d)(2).

issues of law, on the other hand, are to be upheld unless they are "contrary to, or involve[] an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[73]

Regarding this standard, the United States Court of Appeals for the Fifth Circuit has explained:

> A state-court decision is contrary to clearly established precedent if the state court applies a rule that contradicts the governing law set forth in the Supreme Court's cases. A state-court decision will also be contrary to clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. A state-court decision involves an unreasonable application of Supreme Court precedent if the state court identifies the correct governing legal rule from the Court's cases but unreasonably applies it to the facts of the particular state prisoner's case.[74]

If Supreme Court case law "give[s] no clear answer to the question presented, let alone one in [the petitioner's] favor, 'it cannot be said that the state court unreasonably applied clearly established Federal law.'"[75] Additionally, "unreasonable is not the same as erroneous or incorrect; an incorrect application of the law by a state court will nonetheless be affirmed if it is not simultaneously unreasonable."[76]

## IV. Law and Analysis

### A.     *Denial of Challenges for Cause Claim*

Petitioner objects to the Magistrate Judge's finding that he is not entitled to relief on his claim that the state trial court improperly denied three challenges for cause.[77] Petitioner argues that

---

[73] *Id.* § 2254(d)(1).

[74] *Wooten v. Thaler*, 598 F.3d 215, 218 (5th Cir. 2010) (citations and quotation marks omitted).

[75] *Wright v. Van Patten*, 552 U.S. 120, 126 (2008) (quoting *Carey v. Musladin*, 549 U.S. 70, 77 (2006)).

[76] *Puckett v. Epps*, 641 F.3d 657, 663 (5th Cir. 2011) (quotation marks omitted).

[77] Rec. Doc. 16 at 1–2.

three prospective jurors should have been stricken for cause, and the fact that Petitioner had to use peremptory strikes violated Petitioner's constitutional rights.[78]

The Sixth and Fourteenth Amendments guarantee a defendant the right to an impartial jury.[79] In *Ross v. Oklahoma*, the Supreme Court held that a petitioner is entitled to habeas corpus relief only if he demonstrates that the jury ultimately selected to try the case was not impartial.[80] The Supreme Court "reject[ed] the notion that the loss of a peremptory [strike] constitutes a violation of the constitutional right to an impartial jury," because it has "long recognized that peremptory [strike] are not of constitutional dimension."[81] The Court further noted that peremptory strikes  "are a means to achieve the end of an impartial jury," and "[s]o long as the jury that sits is impartial, the fact that the defendant had to use a peremptory challenge to achieve that result does not mean the Sixth Amendment was violated."[82]

Petitioner claims that the trial court erred in denying his challenges for cause of Colleen Terhune, Jerome Theriot, and David Rodrigue. However, the record reflects that defense counsel used peremptory strikes to remove all three prospective jurors. Petitioner has not established that the jury ultimately selected was not impartial. Therefore, this claim necessarily fails. Accordingly, the state courts' denial of relief on this issue was not contrary to, or an unreasonable application of, clearly established federal law.

---

[78] *Id.*

[79] *Ross v. Oklahoma*, 487 U.S. 81, 85 (1988) (internal citations omitted).

[80] *Id.* at 85–86.

[81] *Id.* at 88 (internal citations omitted).

[82] *Id.* (internal citations omitted).

**B.**     **Batson** *Claim*

Second, Petitioner objects to the Magistrate Judge's finding that he is not entitled to relief on his *Batson* claim.[83] Petitioner asserts that the State improperly used peremptory strikes to strike three African Americans from the jury, and the trial court failed to identify or correct this racial discrimination.[84]

"The Constitution forbids striking even a single prospective juror for a discriminatory purpose."[85] Courts must analyze claims challenging the use of race-based peremptory strikes under the three-step test set forth by the Supreme Court in *Batson v. Kentucky*.[86] "A defendant must first make a prima facie case that race motivated the challenged strikes. If the defendant carries this burden, the prosecutor must provide race-neutral reasons for the challenged strikes."[87] At the second step, the prosecutor's explanation need not be "persuasive, or even plausible. . . . [T]he issue is the facial validity of the prosecutor's explanation."[88] "Finally, at step three, the court considers whether the defendant has carried his burden of proving purposeful discrimination."[89] A federal habeas court may grant relief on a *Batson* claim only if the state court's adjudication of the claim "'resulted in a decision that . . . involved an unreasonable application' of the relevant law."[90]

---

[83] Rec. Doc. 16 at 4–6.

[84] *Id.*

[85] *Flowers v. Mississippi*, 139 S. Ct. 2228, 2244 (2019).

[86] *Ramey v. Lumpkin*, 7 F.4th 271, 279 (5th Cir. 2021) (citing *Batson v. Kentucky*, 476 U.S. 79, 96–97 (1986)).

[87] *Id.* (citing *Batson*, 476 U.S. at 96–98).

[88] *Guidry v. Lumpkin*, 2 F.4th 472, 484 (5th Cir. 2021) (quoting *Purkett v. Elem*, 514 U.S. 765, 768 (1995)) (alterations in original).

[89] *Ramey*, 7 F.4th at 279 (citing *Batson*, 476 U.S. at 98).

[90] *Id.* (quoting *Panetti v. Quarterman*, 551 U.S. 930, 953 (2007)).

In this case, three panels of eighteen potential jurors each underwent voir dire.[91] During the first panel, the state used peremptory strikes to remove three prospective jurors.[92] The races of the jurors were not established on the record, and no *Batson* challenges were lodged.[93] During the second panel, four prospective jurors self-identified as African-American.[94] The prosecutor successfully struck one of those individuals for cause and removed two using peremptory strikes.[95] Defense counsel raised *Batson* challenges, and the trial court found a legitimate and race-neutral basis for both peremptory strikes.[96] During the third panel, the prosecutor used a peremptory strike to remove one individual, and defense counsel raised another *Batson* challenge.[97] Considering that the prosecutor had shown a race-neutral basis for the prior *Batson* challenges, the state trial court found that the defense had not shown a pattern of discrimination and denied the challenge.[98]

Trial counsel failed to present any evidence to support a claim that the prosecutor's peremptory strikes were made on the basis of race. The trial judge made the factual finding that the prosecutor did not exercise peremptory strikes in a discriminatory manner. Under AEDPA, state court factual findings are presumed correct, and Petitioner has the burden of rebutting the evidence by "clear and convincing evidence."[99] A federal habeas court should only grant relief "if

---

[91] State Rec., Vol. I of VI, Trial Tr., Dec. 14, 2009.

[92] *Id.* at 108, 110.

[93] *Id.*

[94] *Id.* at 174–76.

[95] *Id.* at 189–90.

[96] *Id.*

[97] *Id.* at 231–33.

[98] *Id.*

[99] *Rice v. Collins*, 546 U.S. 333, 339 (2006).

it was unreasonable to credit the prosecutor's race-neutral explanations for the *Batson* challenge."[100]

During the second panel, the prosecutor provided race neutral reasons for the use of both peremptory strikes: (1) the prosecutor struck George Nevis because he said he may be related to Petitioner; and (2) the prosecutor struck Christopher Williams because Williams stated that he felt too young to serve on the jury.[101] These stated reasons are not inherently indicative of discriminatory intent. Therefore, it was not unreasonable for the trial court to credit the prosecutor's explanations. Defense counsel made no effort to establish that the proffered reasons were spurious and that the actual reasons for removing Nevis and Williams were based on their races. Therefore, Petitioner has not met the burden of persuasion that is necessary to rebut the presumption of correctness attached to the state court's finding of no discrimination. Accordingly, the state courts' denial of relief on this issue was neither contrary to nor an unreasonable application of clearly established federal law.

During the third panel, the prosecutor used a peremptory strike to remove one individual, and defense counsel raised another *Batson* challenge.[102] Considering that the prosecutor had shown a race-neutral basis for the prior *Batson* challenges, the state trial court found that the defense had not shown a pattern of discrimination and denied the challenge.[103] Again, Petitioner does not present any evidence to rebut the presumption of correctness attached to the state court's finding.

---

[100] *Id.* at 338.

[101] State Rec., Vol. I of VI, Trial Tr. at pp. 174–76, Dec. 14, 2009.

[102] *Id.* at 231–33.

[103] *Id.*

Accordingly, the state courts' denial of relief on this issue was neither contrary to nor an unreasonable application of clearly established federal law.

## C.     *Ineffective Assistance of Counsel Claims*

Petitioner objects to the Magistrate Judge's finding that Petitioner is not entitled to relief on his ineffective assistance of counsel claims.[104]

To succeed on an ineffective assistance of counsel claim, a petitioner must demonstrate both that his counsel's performance was deficient and that the deficient performance prejudiced his defense.[105] If a court finds that a petitioner fails on either of these two prongs, it may dispose of the ineffective assistance claim without addressing the other prong.[106] To satisfy the deficient performance prong, a petitioner must overcome a strong presumption that the counsel's conduct falls within a wide range of reasonable representation.[107] A petitioner must show that the conduct was so egregious that it failed to meet the constitutional minimum guaranteed by the Sixth Amendment.[108] Courts addressing this prong of the test for ineffective counsel must consider the reasonableness of counsel's actions in light of all the circumstances.[109] To prevail on the actual prejudice prong, a petitioner "must show that there is a reasonable probability that, but for

---

[104] Rec. Doc. 16 at 6–9.

[105] *Strickland v. Washington*, 466 U.S. 668, 697 (1984).

[106] *Id.*

[107] *See Crockett v. McCotter*, 796 F.2d 787, 791 (5th Cir. 1986); *Mattheson v. King*, 751 F.2d 1432, 1441 (5th Cir. 1985).

[108] *See Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001).

[109] *See Strickland*, 466 U.S. at 689.

counsel's unprofessional errors, the result of the proceeding would have been different."[110] "A reasonable probability is a probability sufficient to undermine confidence in the outcome."[111]

When a petitioner's ineffective assistance of counsel claims on federal habeas corpus review are repetitive of claims already made to a state court, the central question "is not whether a federal court believes the state court's determination under *Strickland* was incorrect but whether [it] was unreasonable—a substantially higher threshold."[112] In addition, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard."[113] Thus, this standard is considered "doubly deferential" on habeas corpus review.[114]

First, Petitioner asserts that his counsel deprived him of the right to testify. The Fifth Circuit has held that a "defendant's right to testify is secured by the Constitution and only he can waive it."[115] A defendant's lawyer cannot waive the defendant's right to testify.[116] The "appropriate vehicle" for asserting a claim that a defendant's own "attorney interfered with his right to testify . . . is a claim of ineffective assistance of counsel."[117] To prevail on a claim that Petitioner's defense counsel was ineffective for preventing Petitioner from testifying, Petitioner must put forward

---

[110] *Id.* at 694.

[111] *Id.*

[112] *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 478 (2007)) (internal quotation marks omitted).

[113] *Id.*

[114] *Id.*

[115] *United States v. Mullins*, 315 F.3d 449, 454 (5th Cir. 2002).

[116] *Id.*

[117] *Sayre v. Anderson*, 238 F.3d 631, 634 (5th Cir. 2001).

something more than his own conclusory assertions.[118] "Some greater particularity is necessary—and . . . some substantiation is necessary, such as an affidavit from the lawyer who allegedly forbade his client to testify—to give the claim sufficient credibility to warrant a further investment of judicial resources in determining the truth of the claim."[119]

In the instant matter, Petitioner does not allege that his counsel prohibited him from testifying. Rather, he merely alleges that she "urged" him not to testify.[120] Where a criminal defendant "knew of his right to testify and wanted to do so but counsel was opposed [and the] defendant acquiesced in his lawyer's advice . . . the only inquiry is whether that advice was sound trial strategy."[121] During the post-conviction hearing, defense counsel testified that she advised Petitioner not to testify because Petitioner's self-defense argument was presented through the introduction of Petitioner's recorded statement to the police.[122] Defense counsel stated that she believed it was better to let the statement speak for itself because she feared that Petitioner would not fare well on cross-examination.[123] If Petitioner had taken the stand he would have been subjected to cross examination, including questions about Petitioner's statements to the police and his drug use. Petitioner has not met his burden of establishing that counsel's advice not to testify was not a sound trial strategy. Accordingly, Petitioner is not entitled to relief on this issue.

---

[118] *United States v. Martinez*, 181 F.3d 627, 628 (5th Cir. 1999) ("Courts have observed that allowing a bare assertion of a right-to-testify violation to precipitate the further investment of judicial resources is problematic."). *See also Underwood v. Clark*, 939 F.2d 473, 476 (7th Cir. 1991) (stating that a conclusory assertion by a defendant that he was denied the right to testify was is insufficient to require a hearing).

[119] *Underwood*, 939 F.2d at 476.

[120] Rec. Doc. 1 at 15.

[121] *Mullins*, 315 F.3d at 454.

[122] State Rec., Vol. III of VI, Tr. of Post-Conviction Hr'g at p. 17, Jan. 13, 2016.

[123] *Id.* at 46.

Second, Petitioner asserts that his counsel performed inefficiently by failing to object to the introduction of the audiotape of his confession.[124] The record reflects that defense counsel did object to the admission of the audiotape, but she did not raise the specific objection that Petitioner now suggests. Namely, Petitioner argues that the audiotape was inadmissible under Louisiana Revised Statute § 15:450 because preliminary portions of the recording were garbled or unrecorded due to an equipment malfunction. Louisiana courts have recognized that the mere fact that an audiotape fails to capture the complete scope of an individual's statement does not render it inadmissible.[125] The state trial court held that any objection under Section 15:450 was unfounded,[126] and this federal habeas court must defer to that state-law determination.[127] Therefore, any objection to the recording's admission would have been meritless. The Fifth Circuit has held that "counsel cannot have rendered ineffective assistance of counsel by failing to make an objection that would have been meritless."[128] Accordingly, Petitioner is not entitled to relief on this issue.

Third, Petitioner asserts that trial counsel performed inefficiently by failing to introduce the victims' criminal histories at trial. The state trial court found that the victims' criminal histories would not have been admissible under Louisiana law.[129] Louisiana Code of Evidence 404(b)(1)

---

[124] Rec. Doc. 16.

[125] *See State v. Bonanno*, 373 So. 2d. 1283, 1291 (La. 1979) (finding that tapes were admissible despite the existence of a gap in the recording); *State v. Griffin*, 618 So. 2d 680, 695–96 (La. App. 2 Cir. 1993); *State v. Thomas*, 503 So. 2d 907, 917 (La. App. 1 Cir. 1987).

[126] State Rec., Vol. III of VI, Reasons for J., Jan. 31, 2017, pp. 6–10.

[127] *Soliz v. Davis*, 750 F. App'x 282, 293 (5th Cir. 2018) ("We defer to a state court's determination that an objection would have been meritless under state law because in our role as a federal habeas court, we cannot review the correctness of the state habeas court's interpretation of state law." (internal citation and quotation marks omitted)).

[128] *Turner v. Quarterman*, 481 F.3d, 292, 298 (5th Cir. 2007).

[129] State Rec., Vol. III of VI, Reasons for J., Jan. 31, 2017, pp. 10–12.

forbids evidence of crimes, wrongs or acts to prove that the character of a person to show that he acted in conformity with that trait.[130] This Court must defer to such state court findings concerning state law.[131] An attorney does not perform ineffectively when she fails to offer inadmissible evidence.[132] Therefore, this argument is meritless.

Fourth, Petitioner further asserts that his counsel performed inefficiently when she failed to object to an allegedly improper line of questioning by the prosecutor during voir dire.[133] The line of questioning at issue concerned how prospective jurors would vote in hypothetical situations. The record reflects that defense counsel did in fact object to this line of questioning, but her objection was overruled by the trial court.[134] Therefore, Petitioner has not shown deficient performance.

Fifth, Petitioner asserts that his counsel performed inefficiently by failing to preserve the record by noting the race of each prospective juror during voir dire. The underlying premise of Petitioner's claim is that there were minority individuals excused from the first voir dire panel. During the post-conviction evidentiary hearing held in state court, defense counsel testified that she believed all of the individuals on the first panel were white. Petitioner offers no evidence to rebut this testimony.[135] Therefore, Petitioner has not shown that he is entitled to relief on this issue.

---

[130] *Id.*

[131] *See Solis*, 750 F. App'x at 293.

[132] *Kavanaugh v. Berge*, 73 F.3d 733 (7th Cir. 1996) ("[Counsel]'s failure to offer inadmissible evidence is not ineffective assistance.").

[133] Rec. Doc. 16 at 8.

[134] State Rec., Vol. I of VI, Trial Tr. at p. 70, Dec. 14, 2009.

[135] State Rec., Vol. III of VI, Hr'g Tr. at pp. 53–54, Jan. 13, 2016.

Sixth, Petitioner asserts that trial counsel performed ineffectively by failing to interview and call Jamal Westley and Johnny Smith as witnesses. The Fifth Circuit has noted that claims regarding counsel's failure to call witnesses "are not favored on federal habeas review because the presentation of witnesses is generally a matter of trial strategy and speculation about what witnesses would have said is too uncertain."[136] The Fifth Circuit requires "petitioners making claims of ineffective assistance based on counsel's failure to call a witness to demonstrate prejudice by 'nam[ing] the witness, demonstrat[ing] that the witness was available to testify and would have done so, set[ting] out the context of the witnesses' proposed testimony and show[ing] that the testimony would have been favorable to a particular defense.'"[137] Petitioner has not presented evidence to demonstrate that Jamal Westley was able to testify at trial or presented evidence to prove that the statement would have been beneficial to the defense. With respect to Johnny Smith, both defense counsel and her investigator testified at the post-conviction evidentiary hearing that they could not locate Smith.[138] Where counsel has made diligent efforts to locate a witness, she cannot be deemed ineffective simply because her efforts were not fruitful.[139] Accordingly, Petitioner is not entitled to relief on this issue.

---

[136] *Woodfox v. Cain*, 609 F.3d 774, 808 (5th Cir. 2010).

[137] *Id.* (quoting *Day v. Quarterman*, 556 F.3d 527, 538 (5th Cir. 2009)).

[138] State Rec., Vol. III of VI, Hr'g Tr. at pp. 12–14, Jan. 13, 2016; State Rec., Vol. III of VI, Hr'g Tr. at pp. 13–15, 25–81, Apr. 19, 2016.

[139] *Lovett v. Florida*, 627 F.2d 706, 708 (5th Cir. 1980) ("Undoubtedly, Wallace could have done more to try to find the three men, but counsel for a criminal defendant is not required to pursue every path until it bears fruit or until all conceivable hope withers. Under the circumstances, Wallace's investigation into the whereabouts of the three potential witnesses was sufficient. He testified that if he could have found them he would have interviewed them, but that his efforts to find them, which were not insubstantial, did not produce results. Wallace's attempt to locate the three men constituted reasonably effective assistance of counsel.").

Seventh, Petitioner argues that his counsel performed ineffectively by failing to stress the significance of certain evidence to the jury. Specifically, Petitioner argues that his counsel failed to make the point that witnesses saw one of the victims with money in his hand before he was killed, but no money was found near his body. Petitioner asserts that his counsel should have emphasized that if someone took money before the police arrived, then someone had the opportunity to take a gun as well. Considering the absence of any testimony by any eyewitness that either victim had a weapon, defense counsel had little to work with to show that it was possible that the victims were armed. On cross-examination, defense counsel was able to get the investigating officers to admit that it was possible that a weapon had been removed from the scene before they arrived.[140] Defense counsel then reiterated those concessions in her closing argument.[141] Therefore, Petitioner has not shown that counsel's performance was deficient.

Eighth, Petitioner argues that his trial counsel performed ineffectively by failing to object to the court's jury instruction concerning self defense, finding that the instruction was a proper and accurate statement of the law. The jury instruction was an almost verbatim restatement of Louisiana Revised Statute § 14:20(C), the applicable Louisiana statute concerning justifiable homicide. Therefore, counsel's failure to object to the statement cannot be considered deficient performance.

Ninth, Petitioner argues that his trial counsel performed ineffectively by failing to adequately cross-examine the State's witnesses. Specifically, Petitioner argues that defense counsel should have asked the State's witnesses about the clothing the victims were wearing to

---

[140] State Rec., Vol. II of VI, Trial Tr. at pp. 74, 109, Dec. 15, 2009.

[141] State Rec., Vol. II of VI, Trial Tr. at p. 33, Dec. 16, 2009.

show that they may have been concealing weapons on their bodies.[142] The decision of whether and how vigorously to cross-examine a witness is a matter of trial strategy.[143] Petitioner has not shown how asking the proposed questions would have affected the outcome of the trial. Therefore, Petitioner is not entitled to relief on this issue.

Finally, Petitioner claims that his trial counsel performed ineffectively for failing to object to the introduction of Petitioner's police statement on the basis that it was involuntary due to Petitioner's intoxication, for allowing the prosecution to withhold fingerprint evidence, for failing to move for a mistrial when the State amended the indictment at the commencement of trial, and for failing to elicit pertinent testimony from the coroner regarding the drugs in the victims' systems. Petitioner presents no evidence to show that he was intoxicated at the time he gave the police statement. Review of the recorded statement shows that Petitioner gave prompt and coherent responses to the police officers' questions. Similarly, Petitioner presents no evidence to show that fingerprint evidence was in fact withheld. The record reflects that defense counsel did in fact object when the state amended the indictment, but the objection was overruled by the state trial court.[144] The record also reflects that defense counsel did question the coroner about the drugs found in the deceased victim's system.[145] Therefore, these claims are meritless and without evidentiary support.

For the reasons discussed above, Petitioner has not demonstrated that his counsel's performance was deficient or that any deficient performance prejudiced the defense. Therefore,

---

[142] Petitioner lists other questions in his brief that he posits should have been asked by defense counsel. Rec. Doc. 1-1 at 57–63. Petitioner similarly has not shown that asking these questions would have affected the outcome of the trial.

[143] *Ford v. Cockrell*, 315 F. Supp. 2d 831, 859 (W.D. Tex. 2004), *aff'd*, 135 F. App'x 769 (5th Cir. 2005).

[144] State Rec., Vol. II of VI, Trial Tr. at p. 236, Dec. 14, 2009.

[145] State Rec., Vol. II of VI, Trial Tr. at pp. 60–65, Dec. 15, 2009.

Petitioner has not shown that the state courts' denial of relief on his ineffective assistance of counsel claims was contrary to, or an unreasonable application of, clearly established federal law.

### V. Conclusion

For the reasons stated above, Petitioner has not shown that the state court's denial of relief on his claims was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Court **ADOPTS** the Magistrate Judge's recommendation and Petitioner Torrell Brown's petition for issuance for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED** and **DISMISSED WITH PREJUDICE**.

**NEW ORLEANS, LOUISIANA**, this __12th__ day of January, 2022.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**